Loring, J.,
delivered the opinion of the court:
In the case of the United States v. Kelly, the Supreme Court decided that “the honorable discharge of a deserter was a formal final judgment passed by the. Government upon the entire military record of the soldier, and an authoritative declaration by it that he had left the service in a status of honor,” &c., and amounted of itself to the removal of any charge or impediment in the way of receiving bounty. (8 C. Cls. R.)
This in effect holds that the offense of desertion is purged by an honorable discharge, and all its consequences annulled. This case is like Kelly’s Case, except that the soldier there belonged to the Begular Army, and the petitioner belonged to the volunteers. And the Joint Resolution March 1, 1870, (16 Stat. L., p. 370,) enacts, “Tkatthe moneys withheld because of the desertion of any person from the volunteer forces of the United States, who is borne on the rolls as a deserter, shall not be paid to him except the record shall have been canceled on the sole ground that such record had been made erroneously and contrary to the facts, but such money shall be and remain the property of the National Asylum for Disabled Volunteer Soldiers for the support of its beneficiaries.”
The defendants claim that the petitioner is within this resolution, and his case is within its words. But the resolution is highly penal, and cannot have a retroactive effect beyond that which its words absolutely require. Now, the petitioner had been honorably discharged three years before the passage of the resolution, and he cannot be affected by a law not existing then, when his contract ceased and the rights of the parties to it "were fixed.
We hold, therefore, he is entitled to the balance of his pay and bounty, amounting to the sum of $508.20.
Nott, J., did not sit in this case, and took no part in the decision.